

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00753-CR

Ralph Jerome **CLEMONS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR8942
Honorable Raymond Angelini, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  September 11, 2013

AFFIRMED

Appellant, Ralph Jerome Clemons, appeals his conviction of aggravated assault with a deadly weapon. A jury found appellant guilty and sentenced him to sixty-one years' confinement plus a fine of $6,100. In his sole issue on appeal, appellant contends the trial court erred in refusing to charge the jury on the lesser included offense of injury to a disabled individual. We affirm.

### LESSER-INCLUDED OFFENSE

A defendant is entitled to a charge on a lesser-included offense if: (1) the offense is a lesser-included offense of the alleged offense, and (2) some evidence is adduced at trial to support such

an instruction. *Hall v. State*, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). An offense is considered a lesser-included offense if the proof of the charged offense includes the proof required to establish the lesser-included offense. TEX. CODE CRIM. PROC. ANN. art 37.09 (West 2006). The determination of whether an offense is a lesser-included offense is a question of law and is not dependent on the evidence produced at trial. *Hall*, 225 S.W.3d at 535. We use a pleadings approach to decide whether a party may be entitled to a lesser-included offense instruction where we compare "the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense." *Id.* at 535–36.

Appellant was indicted with the offense of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. §§ 22.01, 22.02 (West 2011) (A person commits aggravated assault with a deadly weapon if he (1) intentionally, knowingly, or recklessly causes bodily injury to another . . . and (2) causes serious bodily injury to another . . . or (3) uses or exhibits a deadly weapon during the commission of the assault). The indictment alleged appellant "did use and exhibit a deadly weapon, NAMELY: A ROCK THAT IN THE MANNER OF ITS USE AND INTENDED USE WAS CAPABLE OF CAUSING DEATH AND SERIOUS BODILY INJURY, and defendant did intentionally, knowingly and recklessly CAUSE BODILY INJURY to [COMPLAINANT] . . . by THROWING AT AND IN THE DIRECTION OF THE COMPLAINANT WITH SAID DEADLY WEAPON[.]"

Appellant asserts the trial court should have instructed the jury on the lesser-included offense of injury to a disabled individual. A person commits the offense of injury to a disabled individual if he "intentionally, knowingly, or recklessly, or with criminal negligence, by act or intentionally, knowingly or recklessly by omission, causes to a . . . disabled individual . . . bodily injury." TEX. PENAL CODE § 22.04(a). The offense requires proof that the victim is "a person older than 14 years of age who by reason of age or physical or mental disease, defect, or injury is

substantially unable to protect himself from harm or to provide food, shelter, or medical care for himself." *Id*. § 22.04(c)(3).

Here, nothing in the indictment indicates the complainant is a "disabled individual" as defined by the statute. Proof of aggravated assault with a deadly weapon as alleged in the indictment does not require proof that the victim is a "disabled individual." Therefore, the proof for the offense appellant was charged with does not include the proof necessary to establish injury to a disabled person. *See Hall*, 225 S.W.3d at 536 ("A defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense . . . ."). Accordingly, we conclude injury to a disabled person is not a lesser-included offense of aggravated assault with a deadly weapon as alleged in the indictment and, thus, appellant was not entitled to an instruction on injury to a disabled person.

## CONCLUSION

We conclude the trial court did not err in refusing to charge the jury on the lesser included offense of injury to a disabled individual. The trial court's judgment is affirmed.

Sandee Bryan Marion, Justice

Do not publish